UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FLAGG, SR.,

    Plaintiff,

v.

CONNIE HORTON,

    Defendant.
                           /

Case No. 2:18-cv-10235

HONORABLE STEPHEN J. MURPHY, III

**ORDER TRANSFERRING CASE
TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Michigan prisoner Charles Flagg, Sr. ("Flagg") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that challenged his state criminal convictions and sentences. Flagg was convicted of one count of first-degree murder, seven counts of assault with intent to murder, and one count of felony firearm following a bifurcated jury trial with co-defendant Michael Shields in the Recorder's Court for the City of Detroit in 1995. Flagg was sentenced to life imprisonment without parole on the murder conviction, concurrent terms of life imprisonment with parole on the assault convictions, and a consecutive term of two years imprisonment on the felony firearm conviction. The Court's records reveal that Flagg previously and unsuccessfully sought federal habeas relief.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, mandates that a person seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). The requirement

1

transfers to the court of appeals a screening function previously performed by the district court. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Flagg filed a federal habeas petition challenging the same state convictions and sentences, which the court denied on the merits and dismissed with prejudice. *Flagg v. Robinson*, No. 99-CV-75474-DT (E.D. Mich. Oct. 31, 2000) (Hood, J.).

Flagg dated the instant habeas petition on January 8, 2018 and the Court filed it on January 19, 2018. Flagg raises claims concerning the validity of the jury oath, the conduct of the prosecutor, the legality of his arrest, the statement of trial facts, and the effectiveness of appellate counsel. Flagg, however, has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). The Clerk of the Court must transfer the case pursuant to 28 U.S.C. § 1631 and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

**WHEREFORE** it is hereby **ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: January 24, 2018

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 24, 2018, by electronic and/or ordinary mail.

            <u>s/ David Parker</u>
            Case Manager